THOMPSON, J.
 

 The plaintiff, who is 'divorced from her husband, brings this suit against her two sons and two daughters to compel them to contribute to her support.
 

 The proceeding is had under Act 241 of 1910, which gives a parent in necessitous circumstances the right to demand alimony for support from his or her children or grandchildren.
 

 The two sons made no appearance, hut the two daughters answered, alleging that they were entirely dependent on their respective husbands for support and had in their right no money or property out of which they could contribute to the support of their mother.
 

 The judge rejected the plaintiff’s demand and she has appealed.
 

 The evidence shows that the plaintiff is in necessitous circumstances. She owns no property, has no income, is old and in feeble health and unable to work. Her two sons are married and were earning at the time of the trial below on an average of $150 per month each.
 

 The plaintiff lives in the house with one of her sons, and the other son began paying plaintiff $10 every pay day, which was every two weeks, about two months before the trial in the lower court.
 

 As to the two daughters, the evidence shows that they are married, but they have no property of their own out of which they could contribute to the support of their mother. The only means either of them has is' that which is given by their husbands for the support of household expenses.
 

 In these circumstances, it is clear that no judgment can be rendered' against the two daughters under the statute referred to, as that statute only authorizes a judgment where the children, in the opinion of the court, are able to contribute to the support of their parents.
 

 The trial court perhaps rejected the demand against the two sons because the plaintiff was living with one of the sons, and the other one was contributing to her support at the rate of $5 per week.
 

 The statute provides that any judgment rendered awarding alimony shall be at all times subject to the control of the court, by either increasing, decreasing, or entirely canceling the same as circumstances may require.
 

 There is no provision made however for reopening the matter after a judgment rejecting the demand has become final. It may be that, if the two sons, after the judgment rendered by the court below becomes final, were to cease making payments to their mother, she would have no recourse against them because of the plea of res ad judicata.
 

 Our conclusion is that the ends of justice would be best subserved by putting the statutory obligation of the two sons in the form of a judgment.'
 

 It is therefore adjudged, and decreed that the judgment appealed from in so far as it rejects the demand against the two sons be set aside, and it is now ordered that each of said sons pay the plaintiff the sum of $5 per week, payable every two weeks, provided, however, that John A. Mangin, Jr., shall be relieved from said payments so long as he shall permit his' mother to live in the house with him or so long as his mother shall so desire to live with him.
 

 In all other respects the judgment is affirmed, with all costs taxed against the two defendants John A. Mangin, Jr., and Marcel E. Mangin.